IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PHILADELPHIA FIRE FIGHTERS'      :    CIVIL ACTION
UNION LOCAL 22, AFL-CIO, et al. :
                                 :
        v.                       :
                                 :
CITY OF PHILADELPHIA, et al.     :    NO. 02-4653

ORDER

AND NOW, this 13th day of January, 2003, upon
consideration of defendants' motion to dismiss, and plaintiffs'
response thereto, and the Court finding that:

(a)  Plaintiffs are the Philadelphia Fire Fighters'
Union, I.A.F.F. Local 22, AFL-CIO ("the Union"), Thomas O'Drain,
a Lieutenant for the Philadelphia Fire Department ("Fire
Department") who is on leave and serving as President of the
Union, Gerard Kots, a member of the Philadelphia Fire Department
who is serving as First Vice-President of the Union, and Anthony
Cubbage, a Lieutenant for the Fire Department who is serving as
Second Vice-President of the Union;

(b)  Defendants are the City of Philadelphia, Mayor of
Philadelphia John Street, Commissioner of the Fire Department
Harold Hairston, and Director of Personnel for Philadelphia Linda
Orfanelli;

(c)  The complaint alleges, in pertinent part, that:

(i)  On July 29, 1987, the Union created a
political action committee, FIREPAC;

(ii) FIREPAC is funded entirely by retired fire
fighters and other non-City employees;

(iii) The City of Philadelphia employs about
twenty-six thousand, five-hundred civil service employees,

including about twenty-four hundred uniformed fire fighters and
paramedics and seven thousand sworn police officers;

(iv) The complaint then details that the
Philadelphia Home Rule Charter, and regulations and policies
promulgated thereto, bar all civil service employees from
soliciting political contributions from other civil service
employees, but ban only uniformed fire fighters and police
officers from making political contributions;

(v)  Uniformed fire fighters, even when off duty
and even when on leaves of absence, are prevented from making
voluntary contributions "for any political purpose whatever,"
Compl. at ¶ (quoting Phila. Home Rule Charter § 10.10-107(3));

(vi) The individual plaintiffs allege they are
harmed in that, but for the ban on political contributions, they
would make contributions to FIREPAC and other political causes of
their choosing; and

(vii) The Union sues on its own behalf and on the
behalf of its uniformed bargaining unit members who would have
standing to sue in their own right;

(d)  The complaint asserts in Count I that the City's
anti-contribution laws abridge plaintiffs' freedom of speech and
association under the First and Fourteenth Amendments of the
United States Constitution; in Count II that the anti-
contribution laws -- by prohibiting political contributions by
uniformed fire fighters and police officers but not by other City
employees -- deprives the plaintiffs of the equal protection of
the law under the Fourteenth Amendment; in Count III that the

2

anti-contribution laws, which "prohibit all voluntary
contributions for a political purpose by uniformed members of the
Philadelphia Fire Department regardless of object, amount or
timing of the contribution," are void for overbreadth under the
First and Fourteenth Amendments; and in Count IV that the anti-
contribution laws and policies of the City are preempted by the
Pennsylvania Election Code;

(e)  Defendants move to dismiss the complaint in its
entirety;

(f)  In considering a motion to dismiss pursuant to
Federal Rule of Civil Procedure 12(b)(6), we must accept as true
the facts alleged in the complaint and all reasonable inferences
that can be made from them, and may dismiss the complaint "only
if it is clear that no relief could be granted under any set of
facts that could be proved consistent with the allegations,
Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Markowitz v.
NE Land Co., 906 F.2d 100, 103 (3d Cir. 1990);

(g)  Defendants' attempt to dismiss the First Amendment
counts (I and III) fails at this juncture because -- as the
parties on both sides recognize -- an assessment of the anti-
contribution laws under the First Amendment can only be performed
by taking into account the governmental interests advanced by the
laws, which cannot be done on the pleadings;

(h)  Defendants' effort to dismiss plaintiffs' claim
under the Equal Protection Clause of the Fourteenth Amendment is
equally unavailing, in that whether the City's differentiation
between uniformed police officers and fire fighters and other

3

City employees withstands constitutional scrutiny depends upon the reasons the City has for the differentiation, which cannot be gathered from the complaint;

(i)  As to Count IV, in which plaintiffs claim that the City's anti-contribution laws are preempted by Pennsylvania's Election Code, defendants are entitled to dismissal;

(j)  We see no collision between the Election Code and the anti-contribution laws because the Election Code neither creates the right to make political contributions nor prohibits localities from enacting laws that ban such contributions;

(k)  Nor does the Election Code "preempt the field" by reserving to the Commonwealth of Pennsylvania the exclusive authority to enact legislation in the area of political contributions;

(l)  In Pennsylvania, such total preemption is "the exception and not the rule," Council of Middletown Township v. Benhan, 523 A.2d 311, 316 (Pa. 1987);

(m)  Plaintiffs have failed to show how Pennsylvania's Election Code can be read to manifest an intent by the Pennsylvania General Assembly to displace all local legislation in the area of political contributions;

(n)  Finally, defendants move to dismiss the individual defendants on the ground that, accepting the allegations of the complaint as true, those defendants are not sufficiently implicated in the alleged constitutional deprivations to subject them to liability under section 1983;

(o)  For section 1983 liability to attach, a defendant must be a "person" who "under color of state law" "subjects, or causes to be subject," the plaintiff to a deprivation of rights under the Constitution or laws of the United States, 42 U.S.C. § 1983;

(p)  Section 1983 does not contemplate derivative or respondeat superior liability, Parratt v. Taylor, 451 U.S. 527, 537 n.3 (1981);

(q)  The defendant must have personally participated in the deprivation of constitutional rights, such as by bringing about or knowing of and acquiescing to the unconstitutional policy challenged, see, e.g., Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988);

(r)  Here, the complaint asserts that defendants Street, Hairston, and Orfanelli are policymakers, but that indisputable fact does not mean that they issued or, with knowledge and acquiescence, perpetuated the anti-contribution laws, although Commissioner Hairston appears to have authored the April 2001 Fire Department policy directive implementing the political contribution ban, see Compl., Ex. C.;

(s)  Consequently, there is no basis for Mayor Street or Personnel Director Orfanelli to remain in this suit;[1]

It is hereby ORDERED that:

---

[1] Our ruling as to Commissioner Hairston is of course without prejudice to any motion for summary judgment he may file after discovery is completed.

1.  Defendants' motion to dismiss (Doc. No. 3) is GRANTED IN PART AND DENIED IN PART;

2.  Count IV of the complaint is DISMISSED WITH PREJUDICE;

3.  Defendants John Street and Linda Orfanelli are DISMISSED WITH PREJUDICE; and

4.  In all other respects, the motion to dismiss is DENIED.


                              BY THE COURT:


                              _____
                              Stewart Dalzell, J.