```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PHILADELPHIA FIRE FIGHTERS'      :    CIVIL ACTION
UNION LOCAL 22, AFL-CIO, et al.  :
                                 :
          v.                     :
                                 :
CITY OF PHILADELPHIA, et al.     :    NO. 02-4653
```

ORDER

AND NOW, this 6th day of October, 2003, upon consideration of the parties' joint stipulations of fact, the parties' cross-motions for summary judgment, and the responses thereto, and in accordance with the accompanying Memorandum, it is hereby ORDERED that:

    1.    Plaintiffs' motion for summary judgment (Doc. No. 14) is GRANTED IN PART AND DENIED IN PART, as follows:

        a.    JUDGMENT IS ENTERED in favor of plaintiffs, Philadelphia Fire Fighters' Union, I.A.F.F. Local 22, AFL-CIO; Thomas O'Drain; Gerard Kots; and Anthony Cubbage; and against defendant, City of Philadelphia, as to Counts I and II of the Complaint;

        b.    Count III of the Complaint is DENIED AS MOOT; and

        c.    It is hereby DECLARED that the provisions of the Philadelphia Home Rule Charter and the Philadelphia Civil Service Regulations prohibiting voluntary political contributions by uniformed employees of the Philadelphia Fire Department violate plaintiffs' rights under the First and Fourteenth Amendments of the United States Constitution;

    2.    The City of Philadelphia, its agents, servants and assigns are hereby PERMANENTLY ENJOINED from enforcing all

provisions of the Philadelphia Home Rule Charter and the Philadelphia Civil Service Regulations prohibiting voluntary political contributions by uniformed employees of the Philadelphia Fire Department;

    3.   Defendant's motion for summary judgment (Doc. No. 15) is DENIED; and

    4.   The Clerk of Court shall CLOSE this case statistically.[1]

BY THE COURT:

_____
Stewart Dalzell, J.

---

[1] We do not at this time address the question of plaintiffs' entitlement to counsel fees and reimbursement of costs under 42 U.S.C. § 1988(b) because we expect that the City will appeal our ruling on the merits. Since we believe that appellate review of these issues of public importance should not be delayed by the often protracted enterprise of attorney's fee petition practice, we defer this question until appellate review is completed.