**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **PHILADELPHIA FIRE FIGHTERS UNION, I.A.F.F. LOCAL 22, AFL-CIO, et. al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**CITY OF PHILADELPHIA,**<br>**Defendant.** | **CIVIL ACTION NO.  02-CV-4653** |

## ORDER

AND NOW, this _____ day of _____, 2003, upon

consideration of the Motion of Defendant City of Philadelphia for Stay of Order Pending

Reconsideration and Appeal, it is hereby ORDERED and DECREED that the relief ordered in

paragraph 2 of this Court's Order of October 6, 2003 is stayed pending disposition of

reconsideration or appeal of this case.

By the Court:

_____

Dalzell, J.

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **PHILADELPHIA FIRE FIGHTERS UNION, I.A.F.F. LOCAL 22, AFL-CIO, et. al.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**CITY OF PHILADELPHIA,**<br>**Defendant.** | **CIVIL ACTION NO.  00-CV-3181** |

### MOTION OF DEFENDANT CITY OF PHILADELPHIA
### FOR STAY OF ORDER PENDING RECONSIDERATION OR APPEAL

Defendant City of Philadelphia, by and through its attorneys, respectfully requests that this Honorable Court stay the relief ordered in paragraph 2 of its Order dated October 6, 2003, and in support of this motion, sets forth the following facts:

1.     On or about October 6, 2003, this Honorable Court issued its Order granting in part Plaintiffs' Motion for Summary Judgment.  This Court held, *inter alia*, that the provisions of the City's Home Rule Charter and Civil Service Regulations prohibiting firefighters from making political contributions are unconstitutional.  Attached hereto as Exhibit "A" is a copy of the Order and the Memorandum Opinion filed in support of the Order.

2.      As part of the relief granted to the Plaintiff class, the October 6, 2003 Order provided that the City was permanently enjoined from enforcing the Charter provision and Civil Service Regulation prohibiting firefighters from making political contributions.

3.      On or about October 20, 2003, pursuant to Fed. R. Civ. Proc. 59(e), Defendant filed

a Motion for Reconsideration of this Court's Order.  Should the Court deny that Motion, the City

intends to appeal the Order to the United States Court of Appeals for the Third Circuit.

4.      The City can make a strong showing that it is likely to succeed on the merits of its

Motion for Reconsideration and any future appeal, for the reasons set forth in the Motion for

Reconsideration, and in the briefs previously submitted to this Court on the merits of this case.

5.      Most notably, this Court's Order is squarely at odds with a Supreme Court decision

issued after briefing was completed in this case, as well as two federal appellate courts and one state

Supreme Court.  In *Federal Election Commission v. Beaumont*, 123 S.Ct. 2200, 2210 (U.S. June 16,

2003), the United States Supreme Court explicitly held that political contributions are not core First

Amendment speech, and that strict scrutiny therefore does not apply in cases concerning political

contribution bans.  Furthermore, the Fifth and Eight circuits, as well as the Missouri Supreme Court,

have upheld similar provisions prohibiting police and fire fighters from making political

contributions.  *Reeder v. Kansas City Board of Political Commissioners*, 733 F.2d 543, 547-548 (8th

Cir. 1984); *Pollard v. Board of Police Commissioners*, 665 S.W. 2d 333, 341 (Mo. 1984);

*International Assoc. of Firefighters of St. Louis, Franklin and Jefferson Counties v. City of*

*Ferguson*, 283 F.3d 969, 971-972 (8th Cir. 2002); *Wachsman v. City of Dallas*, 704 F.2d 160, 173

(5th Cir. 1983).  This Court's decision is directly at odds with all of these holdings.  See Opinion at

7, 13-14.  At the very least, this Court should stay its judgment overturning the contribution

restrictions until it has had a chance to determine the effect of these decisions.

6.      Attached as Exhibit "B" to this Motion is an Affidavit of Evan Meyer, Senior

Attorney with the City of Philadelphia Law Department, who is charged with educating and

advising City employees about political activities restrictions upon them.  Mr. Meyer avers that a

fluctuations in these rules would have a deleterious effect on compliance and create confusion

among City employees.

7.       Additionally, absent a stay pending reconsideration or appeal, the City will be

harmed in that certain of the very evils that the contribution limit seeks to avoid -- political

influence and public perception of political influence -- will be irreparably ingrained into the Fire

Department.  This is because, if this Court denies a stay but is then reversed on appeal, the

beneficiaries of the political influence -- presumably uniformed individuals in the Fire Department

who might receive positions based upon politics but not upon merit -- will continue to remain in the

Department, greatly jeopardizing the public safety, and the public confidence in the integrity of the

Fire Department.

8.       Therefore the City would suffer harm if the Court's Order is not stayed and it

ultimately prevails on reconsideration or on appeal because the resulting fluctuation in application

of the City's political activities restrictions would create confusion and make it more difficult for

the City to ensure compliance.

9.       By contrast, the harm to fire fighters if the City continues to enforce the contribution

ban during the pendency of its reconsideration motion and appeal is not great.  As *Beaumont* noted,

political contributions are marginal speech for First Amendment purposes,  "[lying] closer to the

edges than to the core of political expression."  Moreover, the harm to the plaintiffs is further

attenuated given that there likely are many members of the plaintiff Fire Fighters Union who prefer

the contribution restriction, which removes the possibility of any pressure -- political or otherwise --

to contribute.

For all of the above reasons, Defendant City of Philadelphia respectfully requests that this Honorable Court stay the relief ordered in its October 6, 2003 Order pending the disposition of Defendant's Motion for Reconsideration or Appeal.

Respectfully submitted,

_____

Shelley Smith
*Chief Deputy City Solicitor*
Jane Lovitch Istvan
*Deputy City Solicitor, Appeals*
Craig Gottlieb
*Deputy City Solicitor, Appeals*
Attorneys for Defendant

City of Philadelphia Law Department
One Parkway Building, 17th Floor
1515 Arch Street
Phila., PA  19102
(215) 683-5015

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I am this day serving one copy of this Motion for Stay and

Memorandum upon the following persons by hand delivery:

Richard G. Poulson, Esq.
and Ralph J. Teti, Esq.
Willig, Williams, and Davidson
24th Floor
1845 Walnut Street
Philadelphia, PA 19103


Date:  October 20, 2003

                         Craig Gottlieb
Deputy City Solicitor, Appeals
City of Philadelphia Law Dept.
17th Floor, One Parkway Bldg.
Philadelphia, PA  19102-1595
(215) 683 – 5015
*fax*  (215) 683 – 5296

Attorney for Defendant