```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PHILADELPHIA FIRE FIGHTERS'     :   CIVIL ACTION
UNION LOCAL 22, AFL-CIO, et al. :
                                :
         v.                     :
                                :
CITY OF PHILADELPHIA, et al.    :   NO. 02-4653
```

ORDER

AND NOW, this 30th day of October, 2003, upon consideration of the City of Philadelphia's motion for a stay of our Order of October 6, 2003 (the "First Order") pending reconsideration or appeal (docket entry # 18), the City's motion for reconsideration (docket entry # 19), and the plaintiffs' responses to those motions, and the Court finding that:

(a) We will grant a motion for reconsideration only if "the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [rendered its decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice," Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999);

(b) In seeking reconsideration of the portion of our First Order dealing with the First Amendment, the City principally argues that the Supreme Court's recent decision in FEC v. Beaumont, 123 S. Ct. 2200 (2003), constitutes an intervening change in controlling law;

(c) Because it focused on the constitutionality of bans on corporate contributions, Beaumont is readily distinguishable from United States v. Nat'l Treasury Employees Union, 513 U.S.

454 (1995) ("NTEU"), which addressed the constitutionality of government employers' prior restraints on individual expression -- the precise issue in this case;

  (d) Although it recognizes that political "contributions lie closer to the edges than to the core of political expression," Beaumont, 123 S. Ct. at 2210, the Supreme Court continues to treat the making of political contributions as expressive activity that the First Amendment protects, see also Nixon v. Shrink Missouri Gov't PAC, 528 U.S. 377, 386-88 (2000);

  (e) Because making political contributions remains protected expression, NTEU continues to govern the constitutionality of a government employer's prior restraint on employee's political contributions, including the City's ban on uniformed firefighters' contributions, and Beaumont does not constitute an intervening change in the controlling law;

  (f) In seeking reconsideration of the portion of our First Order dealing with the Equal Protection clause, the City implicitly argues that we committed clear legal error by requiring the City to explain how prohibiting uniformed firefighters from making political contributions, while at the same time allowing civilian firefighters to contribute, could preserve public confidence in City government;

  (g) The City still has failed to explain how it can rationally distinguish between uniformed and civilian firefighters, see Mem. Supp. Mot. for Recons. at 9 (arguing only that it is rational to distinguish between firefighters and other

City employees), so we did not commit clear legal error in our First Order;

(h) The City requests that we stay our First Order pending reconsideration or appeal, but the preceding paragraphs make clear that it is not entitled to reconsideration;

(i) Rule 62(c) leaves the decision to grant a stay pending appeal to the Court's discretion, and in exercising that discretion we consider the following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies," <u>Hilton v. Braunskill</u>, 481 U.S. 770, 776 (1987);

(j) The City is not likely to succeed on the merits because, as we have just explained, its reliance on <u>Beaumont</u> is misplaced;

(k) We agree that the City faces a slight risk of irreparable harm from the confusion that could result from informing uniformed firefighters that they may make contributions and later, assuming that the City's appeal is successful, informing them that the ban has been reinstated, but the City City overstates its argument that a temporary lifting of the ban pending appeal will irreparably taint the Fire Department with a public perception of political corruption;

(l) Granting the stay will irrevocably injure the plaintiffs because "[t]he loss of First Amendment freedoms, for

3

even minimal periods of time, unquestionably constitutes irreparable injury," Elrod v. Burns, 427 U.S. 347, 373 (1976);

(m) The City concedes that "the public has an interest in having firefighters be heard," Mem. Supp. Mot. for Stay at 5, an interest that would be disserved by staying our First Order; and

(n) Balancing the slight injury to the City from denying the stay against the irreparable injury to the firefighters and the public from granting it, and considering that the City's appeal is not likely to succeed, we conclude that a stay of our First Order pending appeal is not warranted;

It is hereby ORDERED that:

1. The City's motion for reconsideration is DENIED and

2. The City's motion for a stay of our First Order is DENIED.

BY THE COURT:

_____
Stewart Dalzell, J.